AMNON Z. SIEGEL (State Bar No. 234981)
asiegel@millerbarondess.com
COLIN H. ROLFS (State Bar No. 280654)
crolfs@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Plaintiff
D.A.R.E. AMERICA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| D.A.R.E. AMERICA, | **CASE NO.** |
| Plaintiff, | **COMPLAINT** |
| v. | |
| LIFE SKILLS EDUCATION CHARITY, | **[DEMAND FOR JURY TRIAL]** |
| Defendant. | |

494373.2

Case No.

COMPLAINT

Plaintiff D.A.R.E. America ("D.A.R.E." or "Plaintiff") alleges against Defendant Life Skills Education Charity ("LSE" or "Defendant") as follows:

## I. INTRODUCTION

1. Plaintiff D.A.R.E. is the provider of the Drug Abuse Resistance Education (D.A.R.E.) program—the most comprehensive drug prevention curricula in the world. The program is taught in thousands of schools in the United States and in over fifty countries.

2. Defendant LSE has been the provider of the D.A.R.E. program in the United Kingdom. LSE has operated under a license (the "License") from D.A.R.E. to use certain D.A.R.E. trademarks and copyrighted D.A.R.E. course materials (the "Intellectual Property") in connection with its operations.

3. Recently, D.A.R.E. advised LSE that it was not in compliance with D.A.R.E.'s standards, policies and procedures and requested that LSE make changes to conform to the high standards expected of providers of the D.A.R.E. program. Unfortunately, Defendant refused to cooperate.

4. As a result, D.A.R.E. has been forced to terminate the License and pursue this action to ensure that Defendant does not continue to improperly use the D.A.R.E. Intellectual Property. Notice of the termination of LSE's license is being provided to Defendant concurrently with service of this Complaint.

5. By this action, D.A.R.E. seeks a declaration that the License to LSE has terminated and, therefore, LSE has no further right to use the Intellectual Property. If LSE does not cease all use of D.A.R.E.'s Intellectual Property, D.A.R.E. will amend this Complaint to add claims for infringement and seek damages.

## II. PARTIES

6. Plaintiff D.A.R.E. is a California non-profit corporation based in Los Angeles, California.

7. Defendant Life Skills Education is a United Kingdom Private Limited Company based in Nottingham, United Kingdom.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. This controversy is between a citizen of California, D.A.R.E., and a citizen of the United Kingdom, LSE. The amount in controversy exceeds $75,000. In particular, the value of the license for use of the Intellectual Property in the United Kingdom is substantial, exceeding $75,000. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3).

9. This court has jurisdiction over LSE because, among other things, LSE entered into the License with D.A.R.E., a California entity, and has had repeated communications with, and directly reached out to, D.A.R.E. and its California-based personnel in the negotiation of the License and in the course of D.A.R.E.'s oversight of LSE under the License.

## IV. FACTS

### A. The D.A.R.E. Program and Intellectual Property

10. The D.A.R.E. program was founded in 1983 by the Los Angeles Police Department to prevent the use of controlled substances and violence through childhood education. It was the first program of its kind. D.A.R.E. is unique because since its inception, the program has been based upon the principle that only an active or retired law enforcement officer would teach the curriculum. Delivery of the curricula by a law enforcement officer is a critical component and distinguishes D.A.R.E. from other prevention education programs.

11. The D.A.R.E. curricula is also a key aspect of the program. Since the program's founding, the D.A.R.E. curriculum has been continuously updated and improved. In 2009, D.A.R.E. introduced *Keepin' it REAL*, an evidence-based drug use and violence prevention curriculum developed in partnership with Pennsylvania State University. *Keepin' it REAL* has been successfully implemented across the United States and around the world.

12. D.A.R.E.-affiliated programs across the country and around the world

must follow D.A.R.E.'s principles, policies, procedures and requirements to ensure program quality and fidelity, preserve curricula licensing agreements and protect D.A.R.E.'s Intellectual Property. This includes, among other things, ensuring the program is taught by law enforcement officers, who are properly trained to do so, and staying true to the content of the D.A.R.E.-approved curricula.

13. D.A.R.E. owns valuable copyright and other rights in the course and training materials used to administer the D.A.R.E. program. D.A.R.E. is also the registered owner of trademarks in the United States and around the world that are associated with and designate D.A.R.E.'s high-quality drug use and violence prevention programs. These trademarks include:

   i. U.S. Patent and Trademark Office Registration Nos. 1965136, 1528819, 1528818, 1528821, 2423113, 1761754, 2063952, 2975163, 2468945, 2491872, 1821747, 3879058, 5386780, 5922691, 6025242, 6054796, and 87596848;

   ii. World Intellectual Property Organisation International Registration Nos. 1371141 and 1465345;

   iii. UK Intellectual Property Office Registration Nos. 2118970, 801371141, and 801465345; and

   iv. European Union Intellectual Property Office Registration No. 1055821.

14. The foregoing Intellectual Property has substantial value, including for purposes of fundraising and obtaining contracts with schools for the provision of drug and violence prevention programs.

**B. D.A.R.E. In The United Kingdom**

15. The D.A.R.E. program was originally introduced to the United Kingdom through a partnership with the Nottinghamshire Police. Subsequently, responsibility for the administration of the program in the United Kingdom transitioned to LSE, operating under the supervision of D.A.R.E.

16. LSE operates under the License, which consists of an implied license

from D.A.R.E. to LSE for the use of certain of the Intellectual Property in connection with LSE's administration of the D.A.R.E. program in the United Kingdom. LSE's administration of the D.A.R.E. program and use of the Intellectual Property is subject to D.A.R.E.'s supervision and direction. The License is terminable at will.

17. On July 13th, 2020, D.A.R.E.'s President and CEO, Frank Pegueros, informed LSE by letter of certain deficiencies in LSE's implementation of the D.A.R.E. program. Mr. Pegueros requested that LSE come into compliance with D.A.R.E.'s standards, policies and procedures.

18. Defendant is using the D.A.R.E. brand and Intellectual Property in an unauthorized manner. For example, a majority of Defendant's supposed D.A.R.E. instructors are not law enforcement officers and have not undergone the requisite two-week, 80-hour D.A.R.E Officer Training program. In addition, Defendant has made unilateral and unapproved modifications to the D.A.R.E. curricula. By using the D.A.R.E. name in connection with the improper presentation of the D.A.R.E. program, Defendant is infringing D.A.R.E.'s Intellectual Property.

19. On August 14, 2020, LSE's President, Peter Moyes, wrote back to D.A.R.E.'s headquarters in Los Angeles. Rather than work with D.A.R.E. to come into compliance, Mr. Moyes attempted to defend LSE's non-conformance with D.A.R.E. program standards and refused to cooperate in correcting the deficiencies identified by Mr. Pegueros.

20. As a result, concurrently with service of this action, notice is being sent to LSE terminating the License. A copy of the notice is attached as Exhibit A.

21. As set forth in the notice, LSE has thirty days to cease all use of the Intellectual Property. If LSE fails to do so, D.A.R.E. intends to amend this Complaint to allege claims for infringement and seek damages and other appropriate relief.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

22. Plaintiff hereby incorporates, as though set forth in full herein, all preceding and subsequent paragraphs of the Complaint.

23. An actual controversy has arisen and now exists between D.A.R.E. and LSE concerning their respective rights and duties as to the Intellectual Property and the License.

24. D.A.R.E. contends that the License has terminated and, therefore, LSE has no further right to use any of the Intellectual Property. D.A.R.E. is informed and believes and therefore alleges that LSE disputes this contention.

25. D.A.R.E. requests a declaration and judicial determination of the rights and obligations of the parties to this action with respect to the Intellectual Property and the License.

26. A judicial determination is necessary, appropriate, and desirable so that each of the parties may ascertain their respective rights as to one another, the License, and the Intellectual Property; and D.A.R.E. can protect and preserve its Intellectual Property.

## PRAYER FOR RELIEF

WHEREFORE, D.A.R.E. prays for judgment as follows:

1. For a declaratory judgment that the License has terminated and, therefore, LSE has no further right to use any of the Intellectual Property;

2. That D.A.R.E. be awarded its costs of suit herein; and

3. For such other and further relief as the Court may deem proper and just.

DATED: February 23, 2021        MILLER BARONDESS, LLP

By: _____
AMNON Z. SIEGEL
Attorneys for Plaintiff D.A.R.E. America

## **DEMAND FOR JURY TRIAL**

Plaintiff D.A.R.E. America demands a trial by jury.

DATED: February 23, 2021          MILLER BARONDESS, LLP

By: _____
    AMNON Z. SIEGEL
    Attorneys for Plaintiff D.A.R.E. America